# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **ZACHARY SCOTT CRISPIN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:20-cv-00300** |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| | § | |
| | § | |
| **MAC TRANSPORTATION, LLC** | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Zachary Scott Crispin hereby files this, his Original Complaint, against Defendant Mac Transportation, LLC for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I.     PARTIES, JURISDICTION AND VENUE

1. Plaintiff Zachary Scott Crispin ("Plaintiff" or "Crispin") is currently a citizen and resident of Whitehouse, Texas.

2. Defendant Mac Transportation, LLC ("Mac Transportation" or "Defendant") is a Texas limited partnership. Defendant, Mac Transportation, LLC main offices are located 792 Skinner Road, Longview, Texas 75605. Defendant Mac Transportation, LLC will be served by and through the registered agent for service, James L. Johnson at the office address listed.

3. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. Most of the acts alleged herein occurred in Gregg County, Texas.

## II.     FACTUAL BACKGROUND

5.     Plaintiff Crispin was employed as a mechanic for Mac Transportation for approximately 14 months ending on August 9, 2020.

6.     On July 27, 2020, Crispin went home sick with various symptoms which led him to be tested for COVID-19 on July 29, 2020. While the test was negative, the test administrator advised Crispin to seek a diagnosis from his primary care physician and stay home for two weeks while he was seeking a COVID-19 diagnosis. Crispin received 7 hours of pay for July 27, 2020 and 8 hours of pay for July 28, 2020 but nothing after that, while he was off work.

7.     On August 9, 2020, Crispin received a text message terminating his employment with Mac Transportation stating, "after discussion with HR, the decision has been made to terminate you." Crispin was told that he was fired for 'absences.'

8.     Plaintiff's protected leave did not exceed twelve (12) weeks; however, he has not been restored to his position with Mac Transportation.

9.     Prior to Plaintiff's termination by Defendant, he had worked for Defendant for more than twelve (12) months, and for more than 1,250 hours during that twelve-month period.

10.    Defendant employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked.

11.    Plaintiff had not taken twelve (12) weeks of off work for a serious health condition, or otherwise, during the twelve-month period prior to (a) the onset of his serious health condition, or (b) the time of his termination.

## III.    CAUSES OF ACTION

### A.     FAMILY MEDICAL LEAVE ACT VIOLATION

12.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 11 as if fully stated herein.

13. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq.

14. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

15. During the time that Plaintiff was employed by Defendant, in 2020, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

16. While Plaintiff was employed by Defendant, Plaintiff had an illness that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11).

17. Plaintiff was entitled to medical leave for his own serious health condition as provided for in the FMLA (in 29 U.S.C. § 2612(a)(1)(C)).

18. Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendant terminated Plaintiff's employment for taking this medical leave.

19. Defendant did not properly request additional information or a proper certification from the employee for his FMLA qualifying leave nor did Defendant provide Plaintiff with an adequate written warning or sufficient time to provide additional documentation, which violates the protections of the FMLA as outlined in 29 C.F.R. § 825.208(a)(2) and 29 U.S.C. § 2613.

### B.     FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA) AND THE FAIR LABOR STANDARDS ACT ("FLSA") VIOLATION

20. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein.

21. Effective April 1, 2020, the FFCRA provides for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act. See FFCRA, at §§ 5102(a) and (b)(A).

22. The FFCRA has expressly identified that enforcement of and all penalties arising

from violations of the Emergency Paid Sick Leave Act shall be governed by relevant sections of the FLSA, as set forth in more detail below.

23. Defendant is engaged in an industry affecting commerce and employees, is a private entity, and employs fewer than 500 employees. Id. at § 5110(2)(B)(aa).

24. Plaintiff was an eligible employee as defined by Section 3(e) of the FLSA (29 U.S.C. § 203(e)), who had "been advised by a health care provider to self-quarantine due to concerns related to COVID-19" and/or was "experiencing symptoms of COVID-19 and seeking a medical diagnosis" under the FFCRA, § 5102(a)(2) and (3).

25. Defendant knew that Plaintiff was an eligible employee within the meaning of the FLSA and the FFCRA.

26. The FFCRA provides two weeks (up to 80 hours) of paid sick leave at the employee's regular rate of pay where the employee is unable to work because the employee is experiencing COVID-19 symptoms. The FFRCA also provides up to an additional 10 weeks of paid expanded family and medical leave at two-thirds the employee's regular rate of pay where an employee, who has been employed for at least 30 calendar days, is unable to work for reasons related to COVID-19.

27. Defendant is a covered employer as defined by the FFRCA.

28. Plaintiff requested paid sick leave for the two-week period (from on or about July 27, 2020 until his termination) when he was advised to self-quarantine by his physician due to COVID-19 concerns.

29. Defendant was required to pay Plaintiff's "regular rate of pay up to $511 per day, and $5,110.00 in the aggregate" or the two-week emergency paid sick leave period due to the COVID-19 diagnosis, treatment, and recovery. See *Id*. at § 5110(5)(A)(ii)(I). Defendant paid no such payments.

30. Defendant denied Plaintiff leave under the Emergency Paid Sick Leave Act of the FFCRA and failed to compensate him for his regular rate of pay for the required 80-hour sick leave period.

31. An employer who fails to pay an employee his regular rate of pay under the FFCRA is "considered to have failed to pay minimum wages in violation of section 6 of the FLSA (29 U.S.C. § 206)." *Id*. at § 5105(a)(1).

32. It is also unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act." *Id*. at § 5104. "An employer who willfully violates section 5104 shall . . . be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." Id. at § 5105(b)(1).

33. Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of this Act is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation. *Id*. at § 5105(b)(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. See FLSA, 29 U.S.C. § 216; 217.

34. Defendant willfully (1) denied Plaintiff's request for qualifying paid sick leave under the FFCRA; (2) failed to compensate Plaintiff his regular wages for same; (3) refused to allow him to return back to work following his qualifying paid sick leave; (4) terminated Plaintiff in retaliation for his request for emergency paid sick leave and his COVID-19 diagnosis in violation of the FFCRA and the FLSA; and (5) terminated Plaintiff during his protected leave.

35. These actions as aforesaid constitute violations of the FFCRA and the FLSA.

## DAMAGES

36. As a result of Defendant's violations of the FMLA, FFCRA and FLSA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

37. As a result of this willful violation of the FMLA FFRCA and FLSA, Plaintiff requests that he be awarded all damages, to which he is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.

38. In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which he is entitled.

39. Plaintiff also requests reasonable attorney's fees and court costs.

### IV.     JURY DEMAND

40. Plaintiff requests trial by jury on all claims.

### V.     PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b. Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

c. An order that Defendant take such other and further actions as may be necessary to redress Defendants' violation of the FMLA;

d. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e. Costs of suit, including attorney's fees;

  f.  The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

               Respectfully submitted,

               /s/ *William S. Hommel, Jr.*
               William S. Hommel, Jr.
               State Bar No. 09934250
               Hommel Law Firm
               5620 Old Bullard Road, Suite 115
               Tyler, Texas 75703
               903-596-7100
               469-533-1618 Facsimile

               ATTORNEY FOR PLAINTIFF